**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**KEO LOVAN,**

      Petitioner,

v.                                                                                                  Civil Action No. **3:25CV551 (RCY)**

**WARDEN, FCI PETERSBURG,**

      Respondent.

**MEMORANDUM OPINION**

Keo Lovan ("Lovan" or "Petitioner"), a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). In the § 2241 Petition, Lovan raises the following claim for relief:

> Claim One: "The Bureau of Prisons is improperly withholding First Step Act time credits that I have earned, as well as a one-year sentence reduction that I have earned for completing the Residential Drug Abuse Program, all due to my immigration status."

§ 2241 Pet. 7.[1] Respondent filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment asserting that (1) Lovan is not entitled to application of his First Step Act ("FSA") time credits because he is subject to a final order of removal and (2) the Bureau of Prisons' ("BOP") discretionary decision to find him ineligible to complete or obtain early release through the Residential Drug Abuse Program ("RDAP") is not reviewable by this Court. Because the record before the Court is sufficient, the Court opts to follow the path of Respondent's alternative Motion for Summary Judgment. For the reasons set forth below, Respondent's Motion for Summary

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system and corrects the capitalization, punctuation, and spelling in quotations from the parties' submissions.

Judgment will be GRANTED, the § 2241 Petition will be DENIED, and this action will be DISMISSED.

## I.  PROCEDURAL HISTORY

Petitioner filed his § 2241 Petition on July 16, 2025.  § 2241 Pet., ECF No. 1.  It was accompanied by a Memorandum in Support ("2241 Mem. Supp.") and various exhibits.  *See* ECF Nos. 1-1 through 1-5.  Respondent timely filed his Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 11, and a Memorandum in Support thereof ("Respondent's Memorandum in Support"), ECF No. 12, on January 23, 2026.  After seeking an extension of time, Petitioner filed a Response to the Motion to Dismiss/Motion for Summary Judgment ("Petitioner's Response"), ECF No. 16, on February 9, 2026, and Respondent filed his Reply, ECF No. 17, on February 13, 2026.  The Petition and the dispositive motion are accordingly ripe for review.

## II.  STANDARD OF REVIEW[2]

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific

---

[2] As previously forecast, the Court only engages with the Rule 56 summary judgment arguments presented by Respondent and addressed by Petitioner and so does not recite the Rule 12 motion to dismiss standard, here.

facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).  "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448).  Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits:  (1) the declaration of Paralegal Specialist Dorethea Orr; (2) a document calculating Lovan's term of commitment; (3) a "Department of Homeland Security Immigration Detainer - Notice of Action" form; (4) a February 15, 2011 "Order of the Immigration Judge"; (5) an "FSA Time Credit Assessment"; (6) a "Notice of § 3621(E) Date" form; and (7) a document entitled "Change in RDAP and § 3621(e) Status."  Resp't's Mem. Supp. Ex. A, ECF No. 12-1 (Orr Declaration, with attachments).

Lovan signed his § 2241 Petition under penalty of perjury.  § 2241 Pet. at 10.  Alongside his § 2241 Petition, he submitted a Memorandum in Support, ECF No. 1-1, and a collection of documents demonstrating his efforts to exhaust his administrative remedies, ECF Nos. 1-2 through

1-4.  The Court will consider these submissions in determining the propriety of the Motion for Summary Judgment.  *See* Fed. R. Civ. P. 56(c).  The Court will also consider the arguments asserted in Lovan's Response in opposition to the Motion for Summary Judgment.  *See* Pet'r's Resp., ECF No. 16.

Based on the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment.  The Court draws all permissible inferences in favor of Lovan.

### III.  STATEMENT OF UNDISPUTED FACTS

Lovan—a citizen of Laos, *see* § 2241 Pet. at 8—filed the § 2241 Petition while incarcerated at FCI Petersburg, where he is serving a 120-month sentence "for Possession with Intent to Distribute at least 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)."  Orr Decl. ¶ 4, ECF No. 12-1.  His current estimated release date is January 27, 2028.  *Id.*; *see also* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search by Register Number 19205-030) (last visited July 27, 2026).

On September 19, 2023, FCI Petersburg's Drug Abuse Program Coordinator issued a Notice of § 3621(e) Date form, which indicated that Lovan had entered the RDAP on August 30, 2023, and was scheduled to complete the program's "unit-based segment" on May 23, 2024.  Orr Decl. ¶ 10; Decl. Attach. 5, ECF No. 12-1 at 21.

On or around August 5, 2024, the BOP received an Immigration Detainer (the "Detainer") for Lovan from the United States Department of Homeland Security ("DHS").  Orr Decl. ¶ 5; Decl.

Attach. 2, ECF No. 12-1 at 11.  The Detainer indicated that Lovan was subject to a final order of removal.  Orr Decl. ¶ 5; Decl. Attach. 2.[3]

On August 29, 2024, BOP staff provided Lovan with a "Change in RDAP and § 3621(e) Status" form.  Orr Decl. ¶ 11; *see* Decl. Attach. 6, ECF No. 12-1 at 23–24.  This form indicated that Lovan was ineligible for placement at a residential reentry center ("RRC") under the Second Chance Act due to the existence of the Detainer.  Orr Decl. ¶ 12; *see* Decl. Attach. 6.)

## IV.  ANALYSIS

Lovan asserts that the BOP has improperly refused to (1) apply the time credits he has earned under the FSA, and (2) award him a one-year reduction in his sentence based on his completion of the RDAP.  § 2241 Pet. at 4, 7.  Respondent argues that (1) Lovan may not apply his earned time credits due to the final order of removal entered against him, and (2) the BOP's determination that Lovan is precluded from early release is a proper exercise of its discretion and is not reviewable by this Court.  Resp't's Mem. Supp. at 6–13.  Respondent is correct.

### A.  FSA Time Credits

Under the First Step Act (with few exceptions not relevant here), federal prisoners "who participate in recidivism reduction programming" may earn time credits potentially eligible for application toward prerelease custody or supervised release.  *See Valladares v. Ray*, 130 F.4th 74, 77 (4th Cir. 2025); 18 U.S.C. § 3632(d)(4)(A).  That an inmate is eligible to earn time credits, however, does not necessarily mean that the specific inmate may *apply* those time credits to his or her sentence.  *See West v. Cutwright*, No. 1:24-CV-00380, 2025 WL 2639883, at *5 (S.D.W. Va. July 9, 2025) (cleaned up), *R&R adopted*, 2025 WL 2641713 (S.D.W. Va. Sept. 12, 2025).  As

---

[3] After receiving the § 2241 Petition, BOP officials contacted DHS officials to confirm that Lovan was indeed subject to a final order of removal.  Orr Decl. ¶ 6.  In response, DHS officials provided the Order of the Immigration Judge confirming the order of removal.  *Id.* ¶ 7; *see* Immigration Order, ECF No. 12-1 at 13.

relevant here, prisoners subject to "a final order of removal under any provision of the immigration laws" are ineligible to apply earned time credits against their sentence. 18 U.S.C. § 3632(d)(4)(E)(i); *see also Adepoju v. Scales*, 782 F. Supp. 3d 306, 317 (E.D. Va. 2025) (observing that "a prisoner is ineligible to apply earned time credits to prerelease custody if he or she is subject to a final order of removal" (citing 18 U.S.C. § 3632(d)(4)(E))); 18 C.F.R. § 523.44(a)(2) (providing that "the Bureau [of Prisons] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for any inmate "[s]ubject to a final order of removal under immigration laws").

Here, Lovan has had a final order of removal entered against him. *See* Orr Decl. ¶ 5; Decl. Attach. 2; Decl. Attach. 3); *see also* EOIR Automated Case Information, https://acis.eoir.justice .gov/en/ (enter "025-055-251" in "A-Number" field, select "Laos" in "Nationality" field, click "Submit" button) (indicating that Lovan was ordered removed on February 15, 2011, and that no appeal was received as to that decision) (last accessed July 27, 2026). Accordingly, although Lovan is eligible to earn time credits, he is ineligible to *apply* those credits against his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *Adepoju*, 782 F. Supp. 3d at 317.

Lovan makes several arguments opposing such a finding. First, he asserts that he is not subject to a final order of removal, contending that Respondent has provided only a "summary of an oral decision" of an Immigration Judge, not an actual final order of removal. Pet'r's Resp. 1. As discussed above, it is clear that Lovan is indeed the subject of a final order of removal. Lovan's mere rejections of this fact do not create a dispute of fact to warrant denial of Respondent's Motion for Summary Judgment. *See Celotex Corp.*, 477 at 324; *Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations

or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.").

Second, Lovan contends that "the U.S. does not have a repatriation agreement with Laos," which "does not accept individuals like [himself], who fled the brutal Lao People's Democratic Republic regime." Pet'r's Resp. 1–2. But, as Respondent accurately observes, "neither FSA nor RDAP eligibility depends on potential-future-failure-to-remove but instead [depends on an individual] being subject to a final order of removal and ICE detention." Reply 2. Indeed, the statutory provisions of the FSA unequivocally bar individuals facing a final order of removal from the application of FSA time credits without consideration of the individual's nationality or place of origin. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws.").

Finally, Lovan suggests that the detainer lodged against him "appears to have been fraudulently altered," meaning "this Court should reject it." Pet'r's Resp. 3. Once more, Respondent convincingly rebuts this argument, pointing out that the Detainer does not control the application of FSA credits. Reply 3. Rather, it is the final order of removal itself that blocks Lovan from their application. *Id.* Because the record at summary judgment demonstrates that Lovan is the subject of a valid final order of removal, his argument that his Detainer was somehow altered is immaterial to his arguments regarding the application of his FSA credits.

Accordingly, the portion of Claim One that relates to the application of FSA time credits will be DISMISSED.

**B. RDAP Early Release Eligibility**

Lovan is similarly not entitled to relief with respect to the portion of his claim regarding the RDAP. Through 18 U.S.C. § 3621(e), Congress delegated authority to the BOP to implement drug-abuse treatment programs and further authorized the agency, in its discretion, to reduce by up to one year "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [such] a treatment program." 18 U.S.C. § 3621(e)(2)(B). So authorized, the BOP developed the RDAP, which consists of three components: (1) the "[u]nit-based component," (2) "[f]ollow-up services," and (3) "Community Treatment Services." 28 C.F.R. § 550.53(a). The BOP then issued Program Statement 5331.02 ("PS 5331.02"), entitled "Early Release Procedures Under 18 U.S.C. § 3621(e)." *See* BOP Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, available at https://www.bop.gov/policy/progstat/5331_002_CN-3.pdf (last accessed July 27, 2026). This Program Statement identifies several characteristics that bar an inmate from RDAP eligibility. As relevant here, the BOP, through PS 5331.02, deems ineligible for RDAP inmates who have "a detainer that will prohibit completion of the community treatment component of the RDAP." *Id.* at 5.

Here, although the BOP initially determined that Lovan was eligible for the RDAP, its determination changed after receipt of the Detainer. Indeed, after BOP officials received the Detainer, they issued a "Change in RDAP and § 3621(e) Status" form. Orr Decl. ¶ 11; *see* Decl. Attach. 6. This form indicated that Lovan was ineligible for placement at a RRC under the Second Chance Act due to the existence of the Detainer. Orr Decl. ¶ 12; *see* Decl. Attach. 6.

Here, though, Lovan does not appear to contest the BOP's power to, as a general rule, deny RDAP eligibility to inmates with immigration detainers.[4] Rather, he focuses on the practical effect

---

[4] Because Lovan does not claim that the BOP acted outside of its statutory delegation of power or challenge the general legitimacy of 28 C.F.R. § 550.53(a) or PS 5331.02, the Court need not thoroughly discuss the

of *his* Detainer, arguing that, unlike many individuals in his position, he will not be deported following the end of his sentence due to the lack of a repatriation agreement between Laos and the United States.  Implicitly, Lovan appears to suggest that the justification the BOP offers for denying RDAP eligibility to prisoners with immigration detainers—the risk of flight someone with a detainer raises once placed at a halfway house or RRC, *see, e.g.*, *McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (restating BOP justification that "prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house")—does not apply to him and that there is therefore no reasonable basis for denying him the ability to participate in RDAP and earn a one-year sentence reduction.  § 2241 Mem. Supp. 3; Pet'r's Resp. 2 ("When Petitioner is released from federal custody, he will be placed on INS/ICE parole in lieu of removal. Petitioner understands this to be the case because he is in contact with other Laotian refugees who have recently been released from incarceration.").

Although there is some logic to this argument, Lovan is simply challenging the BOP's individualized determination regarding his ability to participate in, or benefit from, the RDAP, and this Court lacks jurisdiction to review such individualized determinations.  *See Reeb v. Thomas*, 636 F.3d 1224, 1227–28 (9th Cir. 2011) (holding that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations); *Xayadeth v. Hendrix*, No. 3:20-cv-01766-SI, 2021 2251847, at *1 (D. Ore. May 26, 2021) (concluding that the court lacked jurisdiction to consider claim that immigration detainer was invalid and that petitioner should be permitted to participate

---

Administrative Procedure Act, which requires courts to overturn agency actions that "exceed[] [their] regulatory authority or [are] otherwise impermissible," *Md. Dep't of Health & Mental Hygiene v. Ctrs. for Medicare & Medicaid Servs.*, 542 F.3d 424, 433 (4th Cir. 2008), and to set aside rules that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. 706(2).

in RDAP on the basis that "there is no deportation with Laos" (citing *Reeb*, 636 F.3d at 1227–28));

*see also* 18 U.S.C. § 3625 (providing that the judicial review provisions of the Administrative

Procedure Act do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C.

§§ 3621–3624).[5]

Accordingly, the portion of Claim One that relates to Lovan's eligibility to participate in

or benefit from the RDAP will likewise be DISMISSED.

## V.  CONCLUSION

For the reasons stated above, Respondent's Motion for Summary Judgment (ECF No. 11)

will be GRANTED, Petitioner's § 2241 Petition (ECF No. 1) will be DENIED, and the action will

be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ *RCY*

Roderick C. Young
United States District Judge

Date: July 27, 2026
Richmond, Virginia

---

[5] The Court *does* retain jurisdiction to review any constitutional claims arising from Lovan's expulsion or removal from the RDAP, *see, e.g.*, *Ortega v. Fed. Bureau of Prisons*, No. 1:19cv747, 2020 WL 1865068, at *2–3 (E.D. Va. Apr. 14, 2020) ("[T]he Court retains jurisdiction to review Ortega's constitutional claim that he was expelled from RDAP without due process."), but Lovan does not raise any such claims in the § 2241 Petition.  Even to the extent Lovan sought to raise a due process claim, that claim would be without merit, for inmates do not have any protected interest "in either RDAP participation or in the associated discretionary early release benefit." *Reeb*, 636 F.3d at 1228 n.5; *see also Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000) ("Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest."); *Lawrence v. Wilson*, No. 2:18-cv-63, 2018 WL 7078675, at *5 (E.D. Va. Nov. 15, 2018) (concluding that § 3621(e) does not create a liberty interest in earning early release); *Goodwin v. Wilson*, No. 1:17cv269, 2017 WL 2837138, at *3 (E.D. Va. June 30, 2017) ("[D]enial of access to the RDAP program and its sentence reduction opportunity is insufficient to trigger a liberty interest subject to due process protection.").